¶ 1 I concur with the majority as to its disposition of all four assignments of error.
 {¶ 2} I disagree with the reliance of the majority on the case ofEgelton v. U.S. Fire Insurance Co. (Nov. 12, 2002), Stark App. No. 2002-CA-00157 in determining that appellant is not an insured for purposes of UM/UIM coverage which arises by operation of law. The language relied upon by the majority from the Egelton case is dicta. The Egelton
case was decided by interpreting the "who is an insured" language fromexpress UM/UIM coverage. The Court in Egelton also does set forth its interpretation of the "who is an insured" language in the liability portion of the insurance policy, but that discussion is unnecessary to the decision.
 {¶ 3} Notwithstanding the comments I have made regarding theEgelton case, I would also find that appellant is not an insured under the liability portion of the policy in the case sub judice and, therefore, not an insured under UM/UIM coverage which arises by operation of law. The definition of "who is an insured" under the liability portion of the policy includes "you for any covered auto." "You" generally applies to the named insured or insureds. The named insureds in the case sub judice are the Kroger Company and any subsidiaries, etc. No individual human beings are included. I would find that it is not ambiguous in the liability portion of the policy to refer to "you" as a corporate entity. Corporate entities can be liable for injuries. InScott-Pontzer, "you" was found to be ambiguous in the context of express UM/UIM coverage. This was because UM/UIM coverage only covers bodily injury and a corporation cannot sustain bodily injury. Therefore, "you" in the context of the liability portion of this policy is not inherently ambiguous. The "you" refers to corporate-type entities. Since "you" in the liability portion of the policy does not include the appellant, the appellant is not an insured under UM/UIM coverage which arises by operation of law.
 {¶ 4} In addition, even if one argues that the "you" from the liability portion of the policy should be brought through to any UM/UIM coverage which arises by operation of law, that argument would fail. Ohio Revised Code Sec. 3937.18 in its previous form only required UM/UIM coverage for bodily injury of persons covered in the liability portion of the policy. The "you", in the liability portion of the policy in the case sub judice, refers to a corporation not any individual persons. Therefore, the "you" would not be brought through to any UM/UIM coverage arising by operation of law.[1]
[1] This is a different analysis than I have used in the past to determine who would be an insured under UM/UIM coverage which arises by operation of law.